Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 8 2006

at _10_ o'clock and _W_ min. _W_ M
SUE BEITIA, CLERK

U.S.A. vs. MARTIN WILLIAMS _____ Docket No. CR 01-00372HG-01 _____

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Martin Williams, in Criminal No. CR 01-00372HG-01, who was placed on supervision by U.S. District Judge Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 29th day of April 2002, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. Without the prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

The offender's original term of supervised release commenced on 12/3/2003.

On 4/21/2004, the Honorable David Alan Ezra, Chief U.S. District Judge, revoked the offender's supervised release for the following violations:  1) offender failed to follow the instructions of the Probation Officer on four occasions; 2) offender failed to participate in substance abuse counseling on two occasions; 3) offender refused to comply with drug testing on one occasion; 4) urine specimen tested positive for cocaine and marijuana on one occasion; and 5) offender failed to notify Probation Office 10 days prior to a change in residence on two occasions.  The offender was sentenced to 11 months imprisonment followed by 60 months supervised release with the previously imposed special conditions.

The offender's second term of supervised release commenced on 3/16/2005.

On 6/17/2005, U.S. District Judge Helen Gillmor revoked the offender's supervised release for the following violations:  1) urine specimen tested positive for cocaine; and 2) offender failed to notify the

Prob 12C
(Rev. 3/95 D/HI)

Probation Officer within 72 hours of his arrest for three counts of state criminal contempt of court charges. The offender was sentenced to 6 months imprisonment followed by 54 months supervised release with the following special conditions:

1.  That the defendant participate in a substance abuse program, which may include residential treatment and random drug testing, at the discretion and direction of the Probation Office.

2.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3.  Without the prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

On 12/1/2005, the offender's third term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his supervised release (Probation Form 7A is attached) as follows:

1.  The offender refused to participate in substance abuse treatment at Freedom Recovery Services (FRS) on 12/7/2005, in violation of Special Condition No. 1.

2.  The offender admitted that he possessed and used cocaine on or around 12/16/2005 and 12/27/2005, in violation of the General Condition.

3.  The offender failed to follow the Probation Officer's 12/29/2005 and 1/4/2006 instructions, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    1/13/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 1/13/2006

ORDER OF COURT

THE COURT ORDERS the issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 13th day of January 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:  **WILLIAMS, Martin**
**Criminal No. CR 01-00372HG-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 12/20/2001, the offender pled guilty to Possession With Intent to Distribute and Distribute Cocaine Base Within 1,000 Feet of a Playground, in violation of 21 U.S.C. § 860(a), a Class B felony.  On 4/29/2002, he was sentenced by Your Honor to 27 months imprisonment followed by 6 years supervised release with special conditions.

**Violation No. 1 - Refusal to Participate in Substance Abuse Treatment on 12/7/2005:**

On 12/5/2005, the offender was processed for supervision at the Probation Office.  During the processing, the offender was advised that he was required to participate in substance abuse treatment at Freedom Recovery Services (FRS).  He was also advised that a failure to participate in substance abuse treatment would constitute a refusal to participate in treatment.  The offender was subsequently instructed to contact FRS on 12/6/2005 to schedule an appointment.

On 12/11/2005, FRS informed this officer that the offender failed to report to his 12/7/2005 appointment.  In this regard, FRS reported that the offender called on 12/8/2005 to reschedule his appointment to 12/14/2005.

On 12/12/2005, this officer telephonically questioned the offender concerning his refusal to participate in substance abuse treatment at FRS on 12/7/2005.  The offender denied that he had a 12/7/2005 appointment and indicated that his appointment was scheduled for 12/14/2005.

Subsequently, this officer confirmed with FRS that the offender's initial appointment was on 12/7/2005.

**Violation No. 2 - Admission of Possession and Use of Cocaine on or Around 12/16/2005 and 12/27/2005:**

On 12/16/2005, FRS informed this officer that the offender's 12/16/2005 urine specimen tested positive for cocaine with a non-instrumented drug testing device (NIDTD) kit.  Because positive results with the NIDTD kits are considered "presumptive positive results," urine specimens are sent to Scientific Testing Laboratories, Inc. (STLI), for positive confirmation.  The offender's urine specimen was then sent to STLI for confirmation.

On 12/28/2005, FRS informed this officer that the offender's 12/27/2005 urine specimen tested presumptive positive for cocaine.  FRS further informed this officer that the offender's urine specimen was sent to STLI for positive confirmation.

Re:    **WILLIAMS, Martin**
       **Criminal No. CR 01-00372HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

During the evening of 12/28/2005, this officer visited the offender's residence in Honolulu to discuss the two presumptive positive urine specimens. A family member reported that the offender was at the market.

On 12/29/2005, this officer telephonically questioned the offender concerning the 12/16/2005 and 12/27/2005 presumptive positive urine specimens. The offender repeatedly reported that he "fucked up." Upon further questioning, the offender indicated that he possessed and used cocaine on or around the dates he tested positive at FRS. He also denied that he had used cocaine more than the two admitted occasions. Thereafter, the offender requested to meet with this officer at the Probation Office. This officer informed the offender that this officer was unavailable and would not return to the office until 1/3/2006.

On 1/5/2006, this officer received the STLI laboratory results for the offender's 12/16/2005 and 12/27/2005 presumptive cocaine positive urine specimens. Both specimens were determined to be negative for illicit drugs, including cocaine. However, the 12/27/2005 urine specimen was also determined to have been a diluted urine specimen. In this regard, it appears that the offender tampered with his 12/27/2005 urine specimen.

**Violation No. 3 - Failure to Follow the Probation Officer's 12/29/2005 and 1/4/2006 Instructions:**

On 12/29/2005, this officer instructed the offender to report to the Probation Office on 1/3/2006. The offender failed to report on 1/3/2006 as instructed.

On 1/4/2006, this officer telephonically questioned the offender concerning his failure to report to the Probation Office on 1/3/2006. The offender indicated that he was "scared" and did not want to "go back to jail." In this regard, the offender reported that because he "messed up," he believed there was a warrant for his arrest. This officer assured the offender that an arrest warrant was not issued by the Court and that the offender needed to report to the office on 1/5/2006 to discuss his drug use. The offender repeatedly indicated that he "fucked up," and was "scared." This officer again assured the offender that an arrest warrant was not issued. However, this officer advised the offender that if he failed to report to the Probation Office on 1/5/2006 as instructed, this officer would have no recourse but to inform the Court of his unwillingness to comply. The offender subsequently indicated that he would report to the Probation Office on 1/5/2006 as instructed.

On 1/5/2006, the offender failed to report to the Probation Office as instructed on 1/4/2006.

The offender has been afforded ample opportunity to show the Court that he can comply with supervision conditions. In this regard, this is the offender's third term of

Re:    **WILLIAMS, Martin**
       **Criminal No. CR 01-00372HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

supervised release after having been revoked on two prior occasions.  The offender's violations are consistent with the violations for which his previous supervision terms were revoked.  Specifically, the offender returned to drug use within a short time after being released from imprisonment.  Additionally, the offender continues to fail to follow this officer's instructions despite receiving warnings.  In considering the offender's conduct, it is concluded that he is unavailable for supervision and unwilling to comply with his supervision requirements.  Furthermore, the offender poses an unacceptable risk to the community. For these reasons, it is respectfully recommended that the Court issue a No Bail Warrant for the offender's arrest.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 1/13/2006

DMK/pts

Re:    **WILLIAMS, Martin**
       **Criminal No. CR 01-00372HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

PROB 7A
(Rev. 9/00, D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:     **Martin Williams**                    Docket No.  CR 01-00372HG-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIFTY-FOUR (54) MONTHS commencing upon release from confinement (12/30/05). 12/1/05

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✔]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)    That the defendant participate in a substance abuse program, which may include residential treatment and random drug testing, at the discretion and direction of the Probation Office.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    10/13/05
         MARTIN WILLIAMS              Date
            Defendant

_____    10/13/05
   DEREK M. KIM            Date
Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:     **WILLIAMS, Martin**
        Docket No. CR 01-00372HG-01

### Conditions of Probation and Supervised Release
**(continued from previous page)**

(2)     *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

(3)     *Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                    MARTIN WILLIAMS                         Date
                        Defendant

_____     _____
                    DEREK M. KIM                         Date
            Senior U.S. Probation Officer